IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Jackson August 4, 2015

**DAVID SCOTT KRUSE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Trousdale County**
**No. 541A23     Brody N. Kane, Judge**

_____

**No. M2015-00360-CCA-R3-PC – Filed August 13, 2015**

_____

Convicted of first degree murder and sentenced to life in prison, petitioner, David Scott Kruse, has filed his third petition for post-conviction relief. The post-conviction court summarily dismissed the petition as being time-barred. Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

David Scott Kruse, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Tom P. Thompson, Jr., District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

I. Procedural History

Petitioner was convicted in 1981 of first degree murder and was sentenced to life in prison. *State v. David Scott Kruse*, No. 88-194-III, 1989 WL 34934, at *1 (Tenn. Crim. App. Apr. 12, 1989). On direct appeal, this court affirmed his conviction. *Id.*; *see State v. David Kruse*, No. 81-314-III (Tenn. Crim. App. Oct. 14, 1982). The supreme court denied discretionary review. *Id.*

On November 10, 1983, petitioner, acting *pro se*, filed a petition for post-conviction relief alleging that he had been denied effective assistance of counsel. *Id.* The post-conviction court appointed counsel to represent him, and following an

evidentiary hearing, the court denied relief. *Id.* Petitioner failed to perfect his appeal to this court; nonetheless, the post-conviction court permitted him to refile his petition for relief in February 1987 because he had not had appellate review of the court's dismissal of his petition. *Id.* Thus, on February 18, 1987, petitioner was given the opportunity for a new evidentiary hearing. *Id.* However, at the appointed time, petitioner, through counsel, stated that he did not desire to proceed further with his post-conviction efforts and instead proclaimed his intent to rely solely on a federal petition that he had pending. *Id.* Accordingly, the post-conviction court dismissed the refiled petition, and petitioner did not appeal from that judgment. *Id.*

Subsequently, on June 28, 1988, this court granted petitioner's motion to late-file the appeal and for transmission of the record and transcript to our court. *Id.* Our order reserved the question of whether the "matter was untimely filed." *Id.* Because petitioner's first appeal was filed in a timely manner, in the interests of justice we considered the appeal as being properly before us and affirmed the judgment of the post-conviction court. *Id.* at *2.

On October 25, 1990, petitioner filed a subsequent petition for post-conviction relief, which the post-conviction court summarily dismissed, finding that it was barred by the statute of limitations. *State v. David Kruse*, No. 01-C-019105CR00130, 1991 WL 255891, at *1 (Tenn. Crim. App. Dec. 5, 1991), *perm. app. denied* (Tenn. March 16, 1992). On appeal, this court affirmed the judgment of the post-conviction court. *Id.* at *2.

On January 20, 2015, petitioner filed his third petition for post-conviction relief, which the court dismissed as being time-barred. This appeal follows.

II. Analysis

Tennessee Code Annotated section 40-30-102(b) states that subject to limited exceptions, "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period." Petitioner has not alleged that any of the exceptions contained in subsections (1)-(3) apply to his case. Thus, the petition is clearly time-barred.

Moreover, this is petitioner's third petition for post-conviction relief. Section 40-30-102(c) prohibits the filing of more than one petition: "This part contemplates the filing of only one (1) petition for post-conviction relief. *In no event* may more than one (1) petition for post-conviction relief be filed attacking a single judgment." (emphasis added). It also provides the procedure by which to seek further post-conviction review:

If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117.

*Id.*

In this case, petitioner's first petition for relief was resolved on the merits by the post-conviction court, and this court granted delayed appellate review of the denial of relief. Clearly, the post-conviction court did not err in summarily dismissing the petition.

## CONCLUSION

Based upon the briefs of the parties, our review of the record, and the applicable legal authorities, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE